IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RON WILDER                                          :
8537 Abilene Drive                                  :
Blacklick, Ohio 43004                               :
                                                    : Case No.
          Plaintiff,                                :
                                                    :
v.                                                  : Judge
                                                    :
THE OHIO STATE UNIVERSITY                           :
MEDICAL CENTER                                      : Magistrate
410 West 10th Ave.                       :
Columbus, Ohio 43210                                :
                                                    : Trial by Jury Demanded
          Defendant.                                :

## COMPLAINT

Now comes Plaintiff Ron Wilder (hereafter "Plaintiff" or "Wilder"), by and through undersigned counsel, and for his Complaint against Defendant The Ohio State University Medical Center (hereafter referred to as "Defendants") does state and aver as follows:

PARTIES

1.  Plaintiff Ron Wilder is a resident of the State of Ohio, County of Franklin.

2.  The Ohio State University Medical Center was Plaintiff's employer for roughly 18 years ending in October of 2016.

JURISDICTION AND VENUE

3.  Jurisdiction of this Court is invoked pursuant to 29 USCS §§2611 et seq. and 28 USC Section 1331.

4.  The unlawful discrimination and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

{00175189-1}

5.  At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio which is the county in which the Defendant's conducted the activity that gave rise to Plaintiff's claim for relief, and the county in which all or part of Plaintiff's claim arose.

6.  At all times pertinent hereto, Defendant was an "Employer" within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d). Plaintiff received a Notice of Suits Rights from the Equal Employment Opportunity Commission and it is attached hereto as Exhibit A (pursuant to 42 U.S.C. Section 2000e-5(f)).

FACTUAL ALLEGATIONS

7.  Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 6 above as if fully rewritten herein.

8.  Plaintiff is a fifty-one-year-old African-American male.

9.  Plaintiff was employed as a Program Manager of the Defendant for eighteen years.  He enjoyed his job and received high marks on his evaluations.

10. Plaintiff was eligible and received FMLA intermittently between 2014 and 2016.  The FLMA was for the health of a family member.

11. In September of 2015 Arian Scheiber Became Plaintiff's direct supervisor.

12. Arian Scheiber is a white female in her late thirties or early forties.  Her title was Director of Pharmacy OSU East.

13. After Arian Scheiber was hired Plaintiff was told by fellow employees that he was being targeted and that Arian Scheiber had asked them to watch him all day.

14.     Arian Scheiber then began asking to meet with Plaintiff on a weekly basis. Similarly situated younger Caucasian PM's with similar performance reviews were not asked to meet with Arian Scheiber on a weekly basis.

{00175189-1}

14. In the summer of 2016 Plaintiff received a very negative performance review from Arian Scheiber.  This was the first review of this kind that Plaintiff had ever received.  Similarly situated younger caucasian PM's with similar performance history did not receive negative reviews.

15. Plaintiff met with Arian Scheiber's supervisor, Diane Gordon, and informed her that he was being targeted for his protected status.

16. Defendant actually terminated Plaintiff because of his age and/or race and/or use of FMLA in October of 2016.

**FIRST CAUSE OF ACTION - Title VII Discrimination Based Upon Race**

17. Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 17 above as if fully rewritten herein.

18. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of his race. Defendant terminated Plaintiff for pre-textual reasons because of his race, all in violation of 42 USC Section 2000e.

19. By terminating Plaintiff, and otherwise discriminating against him on the basis of his race, Defendant committed unlawful employment practices within the meaning of 42 USC Section 2000e-2(a) in violation of the Title VII of the Civil Rights Act of 1964, as amended.

20. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which he was unlawfully terminated.

21. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

22. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has

suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

## SECOND CAUSE OF ACTION – ADEA – Age Discrimination

23. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 22 above as if fully rewritten herein.

24. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment because of his age. Defendant terminated Plaintiff for pre-textual reasons because of his age, all in violation of 29 USC §§626 et seq. the ADEA.

25. By terminating Plaintiff, and otherwise discriminating against him on the basis of his age, Defendant committed unlawful employment practices within the meaning of USC §§626 et seq. the ADEA.

26. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which he was unlawfully terminated.

27. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

28. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

## THIRD CAUSE OF ACTION – FMLA RETALIATION

29. Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 28 above as if fully rewritten herein.

30. At the time of Plaintiff's termination Plaintiff was qualified and/or eligible to receive and was receiving FMLA.

31. Defendant is an employer as defined by 29 U.S.C.S.§2611(4)(A)

32. At the time of Plaintiff's termination, Plaintiff was entitled to FMLA.

33. Plaintiff gave his employer proper notice of his use of FMLA.

34. Similarly situated employees who did not use FMLA were not terminated by Defendant.

35. Plaintiff was terminated due to his use of FMLA.

36. Defendant, by terminating Plaintiff, interfered with Plaintiff's FMLA rights to which he was entitled.

37. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Ron Wilder prays for judgment against Defendant The Ohio State University Medical Center, on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst_____
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com


## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst_____
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

Exhibit A

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Ron Wilder
8537 Abilene Drive
Blacklick, OH 43004

From: Cleveland Field Office
EEOC, AJC Fed Bldg
1240 E 9th St, Ste 3001
Cleveland, OH 44199

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **532-2017-00355** | **Sabrina R. Shifman, Investigator** | **(216) 522-7680** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | More than 180 days have passed since the filing of this charge. |
| | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| | The EEOC is terminating its processing of this charge. |
| | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| X | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
| | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before** you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Cheryl Mabry,
Director

AUG 15 2017

*(Date Mailed)*

Enclosures(s)

cc:   Michael McPhillips
Associate General Counsel
THE OHIO STATE UNIVERSITY, MEDICAL CENTER
30 East Broad Street, 16th Floor
Columbus, OH 43215

Erica A. Probst
KEMP, SCHAEFFER & ROWE CO., LPA
88 West Mound Street
Columbus, OH 43215

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10 -- not 12/1/10* -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*